PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

DEBORAH KATZ PUESCHEL,

*Plaintiff-Appellant,*

v.

MARY E. PETERS, in her official capacity as Acting Secretary, U. S. Department of Transportation,

*Defendant-Appellee.*

No. 08-1351

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T.S. Ellis, III, Senior District Judge.
(1:07-cv-00640-TSE-TCB)

Argued: May 14, 2009

Decided: August 18, 2009

Before MICHAEL, KING and GREGORY, Circuit Judges.

Affirmed by published opinion. Judge Gregory wrote the opinion, in which Judge Michael and Judge King joined.

## COUNSEL

**ARGUED**: George Michael Chuzi, KALIJARVI, CHUZI & NEWMAN, PC, Washington, D.C., for Appellant. Lauren Anne Wetzler, OFFICE OF THE UNITED STATES

ATTORNEY, Alexandria, Virginia, for Appellee. **ON BRIEF:** Chuck Rosenberg, United States Attorney, Alexandria, Virginia, for Appellee.

---

## OPINION

GREGORY, Circuit Judge:

This is Deborah Katz Pueschel's fifth employment discrimination lawsuit against the Federal Aviation Administration ("FAA") and her fourth lawsuit against the FAA, alleging interference with her application for workers' compensation benefits from the Office of Workers' Compensation Programs ("OWCP"). In addition to alleging interference, she claims that the FAA created a hostile work environment during her employment. Pueschel argues that the FAA violated Title VII of the Civil Rights Act of 1965, 42 U.S.C. § 2000e-16 (2006), and the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.* (2006), alleging discrimination based on gender and disability, as well as retaliation for prior protected activity.

The district court granted summary judgment in favor of the Secretary of Transportation ("Secretary") as to both of these claims, finding that Pueschel had waived her OWCP interference claim by choosing to litigate the same facts before the U.S. Court of Appeals for the Federal Circuit. Further, the district court found that her claim failed on the merits because she could neither demonstrate that the FAA actually interfered with her application, nor prove that the FAA did so based on a discriminatory or retaliatory animus. Finally, the district court found that Pueschel could not prevail on her hostile work environment claim because she failed to demonstrate that the alleged conduct occurred as a result of her gender, disability, or protected activity, and because the alleged conduct did not rise to the level of pervasive or severe harassment. For the reasons stated herein, we affirm.

## I.

### A.

Pueschel entered the air traffic controller program in 1974 and later became an air traffic controller in the Leesburg, Virginia, Air Traffic Control Center. She was assigned to the Washington Air Route Traffic Control Center, but was removed from her FAA position, effective September 14, 1981, for her alleged participation in a strike against the FAA. She appealed her firing to the Merit Systems Protection Board ("MSPB"), which ordered the FAA to reinstate her and give her back pay. *Katz v. Dep't of Transp.*, 17 M.S.P.R. 303 (1983).

On June 9, 1981, she filed a complaint against the FAA in the U.S. District Court for the Eastern District of Virginia, alleging gender-based discrimination and sexual harassment in violation of Title VII. Following a bench trial, the district court ruled in favor of the FAA. This Court affirmed in part and reversed in part, finding that discrimination did not motivate the personnel action, but that Pueschel had been subjected to a hostile work environment. *Katz v. Dole*, 709 F.2d 251, 257 (4th Cir. 1983).

On April 20, 1994, Pueschel filed an Equal Employment Opportunity ("EEO") complaint alleging, among other things, that FAA personnel intentionally interfered with her workers' compensation claims by not processing the proper paperwork for submission to the OWCP and by refusing to assist her in compiling her time and attendance records. After exhausting her administrative remedies, Pueschel brought her case to federal court where the district court entered summary judgment in favor of the FAA. She appealed the decision to this Court, which affirmed the district court. *Pueschel v. Slater*, No. 97-2503, 173 F.3d 425 (4th Cir. Feb. 18, 1999) (table) (per curiam).

On April 5, 1994, while a claim she filed with the EEOC in 1992 was being processed, Pueschel alleges that she suffered a stress-related episode at work that caused her to leave work permanently. The FAA, on the other hand, characterizes this incident quite differently. According to the FAA, Pueschel had a dispute with FAA management and her union representatives about a possible change in her work schedule, which resulted in her walking off the job and never returning. Further, the FAA claims that Pueschel attempted to justify her abrupt exit from work and her subsequent four-and-a-half-year absence by submitting documentation from her physician that she was "*NOT* released for *ANY* work at this time and until further notice." (J.A. 84.) Upon review of the medical documents, the FAA placed Pueschel on Leave Without Pay ("LWOP"). She remained on LWOP until her termination in January 1999, when she was terminated for medical inability to perform her duties.

In 2001, Pueschel brought a discrimination suit in the Eastern District of Virginia, claiming both that the FAA denied her various awards and opportunities for advancement and that the FAA interfered with the processing of her OWCP workers' compensation claims. The district court dismissed the complaint, finding that Pueschel's claims were barred by the preclusive effect of *Pueschel v. Slater*, 173 F.3d 425 (4th Cir. 1999). On appeal, this Court affirmed in part and reversed in part, finding that although res judicata barred litigation of part of Pueschel's claim, the OWCP claims were not barred. *See Pueschel v. United States*, 369 F.3d 345 (4th Cir. 2004). On remand, the district court granted the FAA's motion to dismiss for failure to state a claim and for lack of subject matter jurisdiction. On the second appeal, this Court reversed in part, holding that Pueschel could pursue her claim of interference, but that it was limited to the period of April 1992 through August 1992. *Pueschel v. Mineta*, No. 06-1305, 2007 WL 1290896 (4th Cir. May 2, 2007). On remand, the district court dismissed the remainder of Pueschel's 1992 complaint. Pueschel has appealed that decision in a separate

case currently before this Court. *See Pueschel v. Peters*, No. 08-1178.

### B.

One of Pueschel's cases, *Pueschel v. Dep't of Transp.*, No. 02-3261 (Fed. Cir. June 5, 2003), is of particular importance to the instant litigation. In response to her termination, Pueschel filed an EEO complaint, claiming that her termination was motivated by discrimination and retaliation. Further, she claimed that the FAA committed harmful procedural errors by failing to allow her to "buy back" 3,000 hours of leave.[1] According to Pueschel, the FAA could not have terminated her employment because if the FAA had allowed her to buy back 3,000 hours, then her four-year absence would have been accounted for and she would not have been in LWOP status. Pueschel's allegations were transferred to the MSPB for processing, where an MSPB administrative judge conducted a hearing and affirmed the FAA's decision to remove Pueschel. This decision was later affirmed by the Federal Circuit. *Pueschel v. Dep't of Transp.*, No. 02-3261 (Fed. Cir. June 5, 2003).

The present litigation arises from four EEO complaints that Pueschel filed between 1997 and 1999, which were consolidated before the Equal Employment Opportunity Commission. These complaints allege that Pueschel was subjected to gender- and disability-based discrimination and retaliation when the FAA interfered with her OWCP application to buy back 3,000 hours of leave, and that she was subjected to a hostile work environment in 1997 and 1998.

On January 25, 2008, the district court held a hearing on the FAA's motion for summary judgment. The district court

---

[1]Federal employees who suffer work-related injuries or illnesses and are unable to report for duty are eligible to use workers' compensation to have sick and annual leave restored. This is called "buying back" leave.

granted the motion, finding that Pueschel waived her claim regarding FAA interference with her OWCP application because she raised the claim as an affirmative defense to her termination in proceedings before the MSPB and appealed to the Federal Circuit rather than bringing the case as a "mixed case" in a federal district court. Further, the district court found that even if the claim had not been waived, Pueschel could not prevail on the merits because she failed to identify any specific behavior that constituted intentional interference with her OWCP claim in 1997 or 1998.

As for the hostile work environment claim, the district court found that Pueschel failed to establish that she was subjected to a hostile work environment. The court reasoned that, *inter alia*, Pueschel's allegations did not support her hostile work environment claim because she could not show that the actions occurred because of her gender, disability, or protected activity. Pueschel timely appeals.

## II.

This Court reviews a district court's decision to grant summary judgment de novo, applying the same legal standards as the district court. *Nader v. Blair*, 549 F.3d 953, 958 (4th Cir. 2008). Further, this Court "view[s] all facts and reasonable inferences therefrom in the light most favorable to the non-moving party." *Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 603 (4th Cir. 2002).

## III.

### A.

The first issue on appeal is whether Pueschel waived her Title VII OWCP claim by appealing her MSPB claim to the Federal Circuit. A federal employee who asserts both discrimination in violation of Title VII and an "adverse employment action" asserts a "mixed case" for which relief may be sought

by filing a "mixed case complaint" with her employing agency's EEO office or by filing a "mixed case appeal" directly to the MSPB. *See* 5 U.S.C. § 7702 (2006); 29 C.F.R. § 1614.302(b) (2008); *McAdams v. Reno*, 64 F.3d 1137, 1141 (8th Cir. 1995). The employee may appeal an MSPB decision to either the U.S. Court of Appeals for the Federal Circuit or the appropriate federal district court. *See* 5 U.S.C. § 7703 (2006). If the employee pursues the mixed case in the Federal Circuit, then she abandons her discrimination claims because the Federal Circuit lacks jurisdiction to entertain discrimination claims. *See Williams v. Dep't of the Army*, 715 F.2d 1485, 1490 (Fed. Cir. 1983) (stating, "Congress did not direct or contemplate bifurcated review" of mixed cases under § 7702).

In the instant case, the district court concluded that "by appealing the MSPB decision [to the Federal Circuit] . . . [Pueschel] waived her right to bring related discrimination claims in the District Court." (J.A. 52.) Pueschel argues that when she filed her 1997 administrative EEO complaint she had not yet been terminated by the FAA, and thus she could not have possibly been expected to bring this issue before the MSPB. Essentially, she argues that she could not have abandoned a claim that did not exist at the time of her initial filing.

Nonetheless, critical to the district court's holding was that at the time Pueschel was terminated in 1999, her 1997 EEO complaint had not yet been processed. "Thus, at the time of her MSPB appeal, she had an outstanding EEO discrimination claim related to leave buy-back, and a procedural leave buy-back claim raised as an affirmative defense before the MSPB." (*Id.*) Therefore, Pueschel "had the opportunity to litigate both claims in a court of competent jurisdiction, but instead chose to split them." *Smith v. Horner*, 846 F.2d 1521, 1524 n.3 (D.C. Cir. 1988) (per curiam).

Other circuits that have addressed this issue have held that a plaintiff's decision to appeal an MSPB decision to the Fed-

eral Circuit waives her right to bring a discrimination claim in district court based on the same or related facts. *See, e.g.*, *Chappell v. Chao*, 388 F.3d 1373, 1378 (11th Cir. 2004) (holding that when a plaintiff appeals a decision from the MSPB to the Federal Circuit, he waives "any discrimination claims he raised before the MSPB, [and] also any other discrimination claims arising out of the same facts"); *McAdams*, 64 F.3d at 1143 (holding that an employee waives discrimination claims based on "similar issues arising out of overlapping facts" by failing to include them in an MSPB appeal); *Smith*, 846 F.2d at 1524 n.3 (noting that splitting a claim is prohibited and finding that the plaintiff waived the right to pursue his Title VII claims in district court).

Pueschel notes that the above-cited cases are not binding precedent from this Circuit. Further, Pueschel maintains that if this Court were to follow the law of other circuits then it would deprive "unsuspecting federal employees of their right to challenge employment discrimination." (Appellant's Reply Br. 1.) Pueschel is anything but the unsuspecting federal employee; she is a savvy frequent filer. As the district court acknowledged, when Pueschel was terminated, she had the opportunity to choose either to remove her case to the district court or to abandon her discrimination claims and proceed in the Federal Circuit. Pueschel had ample notice that this was the law. In fact, Federal Circuit Claim Form 10, which Pueschel completed as part of her appeal to the Federal Circuit, requires petitioners to certify either that "[n]o claim of discrimination . . . has been or will be made in this case" or that "any claim of discrimination . . . raised before and decided by the [MSPB] . . . has been abandoned or will not be raised or continued in this or any other court."

Pueschel cannot create a superficial distinction between her claims that have gone before the Federal Circuit and the district courts, since they arise out of the same set of facts. *See Chappell*, 388 F.3d at 1379 (emphasizing that "[t]his waiver applies even though Chappell contends he raised different dis-

crimination claims before the MSPB and the district court.") The Eleventh Circuit correctly held in *Chappell* that when the filings "'raised related issues' and 'arose out of overlapping facts,'" filing a claim in the Federal Circuit acts as a waiver for those claims brought subsequently in district court. *Id.* (quoting *McAdams*, 64 F.3d at 1142-43). Although the chronology of this case does give us pause, as Pueschel filed her first EEO complaint before her termination, we ultimately find that the district court was correct: to allow Pueschel to bifurcate claims based on nearly identical facts would be irreconcilable with current case law.[2] Perhaps if Pueschel's 1997 EEO complaint had already been processed by the time the Federal Circuit considered her appeal, we might reach a different conclusion. However, under the facts as they exist in this case, Pueschel impermissibly seeks a "second bite at the apple."[3]

## B.

The next issue on appeal concerns Pueschel's hostile work environment allegation. This claim has two components: 1) the abusive conduct and 2) the FAA's refusal to properly process her benefits and donated leave. Viewing the facts in the light most favorable to her, we find that Pueschel has failed to establish a hostile work environment claim.

---

[2]Pueschel asks this Court to apply *Ikossi v. Dep't of Navy*, 516 F.3d 1037 (D.C. Cir. 2008) (finding that, where an employee's pre-termination claim was pending before the MSPB, the employee's attempt to join incidents surrounding the termination was time barred). She argues that the court in *Ikossi* must have assumed that the plaintiff's pre-termination discrimination claims would have to proceed independently of the mixed case discrimination claims. Pueschel's reliance is misplaced, however, because in *Ikossi* the court did not make the specific finding she posits; instead the case was decided on other grounds.

[3]Because we find that this claim was waived we need not address its merits.

1.

In order to establish a hostile work environment claim, a claimant must demonstrate that the alleged conduct: 1) was unwelcome; 2) resulted because of her gender, disability, or prior protected activity; 3) was "sufficiently severe or pervasive" to alter the conditions of her employment; and 4) was imputable to her employer. *Ocheltree v. Scollon Prods., Inc.*, 335 F.3d 325, 338 (4th Cir. 2003) (en banc).

While the first element is subjective, the rest of the test is made up of objective components based on a "reasonable person" standard. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). This Court has held that in order to prove the second element, a plaintiff must show that "'but for' the employee's sex [disability, or protected activity], he or she would not have been the victim of the discrimination." *Jennings v. Univ. of N.C.*, 482 F.3d 686, 723 (4th Cir. 2007) (quoting *Wrightson v. Pizza Hut of Am., Inc.*, 99 F.3d 138, 142 (4th Cir. 1996)). As for the third element, harassment is considered sufficiently severe or pervasive to alter the terms or conditions of the employment if a workplace is "permeated with discriminatory intimidation, ridicule, and insult." *Harris*, 510 U.S. at 21 (quoting *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 65 (1986) (internal quotation marks omitted)).

The events that Pueschel alleges to support the abuse portion of her hostile work environment are as follows: 1) While Pueschel was on medical leave, she learned that a fellow controller referred to her as an "f—ing bitch" and said that she deserved what she was getting because she brought a sexual harassment charge against a manager; 2) A coworker reported that controllers said, "[W]hy doesn't she just leave, she's nothing but a bitch anyhow," called her "just a useless bitch," and used the term "bitch" or "f—ing bitch" to refer to her constantly behind her back (J.A. 349); 3) Her coworkers removed her picture from a list of air traffic controllers and placed it among pictures of the secretaries; 4) Some of Pueschel's

coworkers posted, without her consent, a newspaper article about her pending lawsuits against the FAA, and a male coworker remarked "I hope that f—ing bitch loses" (J.A. 350); and 5) After she walked off of work and was placed on leave without pay, she was denied access to certain control rooms.

Pueschel takes issue with the district court's conclusion that the alleged conduct was not pervasive or severe because the alleged conduct "occurred over a long period of time," was "sporadic," consisted of a "few instances of profanity, use of the 'f'—ing bitch' term," and was not uttered to her face. (J.A. 61-62.) She claims that the district court minimized the "abuse" and used an inappropriate analysis. However, because we find that the dispositive question here is whether Pueschel could be subjected to a hostile work environment where *all* of the alleged conduct occurred after she left the workplace, it is unnecessary to engage in an analysis to determine the severity or pervasiveness of the alleged conduct.

At bottom, a claimant must show that she is subject to "an *abusive working environment*." *Harris*, 510 U.S. at 22 (emphasis added) (internal quotations omitted). Pueschel has not met this requirement because she cannot demonstrate that she was part of the working environment that she alleges was abusive. Pueschel went on LWOP in 1994. The incidents that she alleges created a hostile work environment occurred in 1997 and 1998. Thus, even if the offensive conduct was severe or pervasive, Pueschel cannot prevail because the abusive work environment, based upon her allegations, did not exist until three years after she left the workplace.

2.

As for the interference portions of her hostile work environment claim, the district court found that her personnel-related allegations were not actionable because they were "isolated personnel decisions." (J.A. 56.) The district court

further noted that Pueschel "cited no cases . . . finding isolated personnel decisions to be severe or pervasive enough . . . to constitute a hostile work environment." (*Id.*) More importantly, the district court found that Pueschel never alleged that her health benefits and donated leave were improperly processed because of her gender, disability, or protected activity. She articulates no such discrimination on appeal. Therefore, we find that the district court properly found that Pueschel's hostile work environment claim was without merit.[4]

## IV.

We find that Pueschel waived her OWCP interference claim by appealing it to the Federal Circuit, and that she has not demonstrated a hostile work environment. Thus, for the reasons stated above, we affirm the district court's grant of summary judgment.

*AFFIRMED*

---

[4]Pueschel also alleges that the FAA created a hostile work environment by "bungl[ing] and hopelessly delay[ing]" (Appellant's Br. 24) the processing of her application to buy back leave. We are not persuaded that the FAA delayed or limited her buy back to the point of creating a Title VII hostile work environment violation, especially in light of the fact that there is evidence that some of the delay was due to Pueschel's own actions. Furthermore, even assuming that the FAA had some role in delaying the processing of her buy-back claim, there is no evidence that the delay was because of her gender, disability, or prior protected activity.