UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-1062

DOROTHY V. REED,

              Plaintiff - Appellant,

       v.

AIRTRAN AIRWAYS, INCORPORATED,

              Defendant - Appellee.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   J. Frederick Motz, District Judge.
(1:07-cv-02170-JFM)

Submitted:  October 22, 2009       Decided:  November 13, 2009

Before MICHAEL, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James C. Strouse, Ph.D., J.D., STROUSE LEGAL SERVICES, Columbia,
Maryland, for Appellant.   Susan Stobbart Shapiro, COUNCIL,
BARADEL, KOSMERL & NOLAN, P.A., Annapolis, Maryland, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dorothy V. Reed appeals the district court's order granting summary judgment for AirTran Airways, Inc. ("AirTran"), and dismissing her complaint alleging race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (2006) ("Title VII"). After conducting de novo review of the district court's grant of summary judgment, see Nader v. Blair, 549 F.3d 953, 958 (4th Cir. 2008), we find no reversible error. Accordingly, we affirm.

Reed argues that her African-American supervisors treated her and other white employees unfairly, causing Reed to resign from employment with AirTran. To establish a claim of hostile work environment on account of race, Reed was required to establish she was subjected to: (1) unwelcome harassment; (2) based on her race; (3) "sufficiently severe or pervasive to alter the conditions of her employment"; and (4) imputable to her employer. See Pueschel v. Peters, 577 F.3d 558, 564-65 (4th Cir. 2009) (internal quotation marks and citation omitted). In determining whether a hostile work environment exists, courts view the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an

2

employee's work performance." Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993). A plaintiff must show both that she subjectively perceived her workplace environment as hostile and that it would be objectively perceived by a reasonable person as hostile or abusive. Id. at 21-22. We agree with the district court that no genuine issue of material fact precluded entry of judgment for AirTran on this claim.

Reed also contends that the district court erred in dismissing her retaliation claim. To establish a prima facie case of retaliation, Reed must prove that she engaged in a protected act, an adverse employment action was taken against her, and there is a causal connection between the act and the adverse action. See Price v. Thompson, 380 F.3d 209, 212 (4th Cir. 2004). Protected activity within the meaning of Title VII includes opposing an unlawful employment practice or participating in any manner in a Title VII investigation, proceeding, or hearing. Kubicko v. Ogden Logistics Services, 181 F.3d 544, 551 (4th Cir. 1999). "Unlawful employment practices" that an employee may oppose "include practices that discriminate against an individual with respect to h[er] compensation, terms, conditions, or privileges of employment." Jordan v. Alternative Resources Corp., 458 F.3d 332, 339 (4th Cir. 2006) (internal quotation marks and citation omitted). Such a practice need not be an ultimate employment decision, but

3

must be "materially adverse," meaning "it might well have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (internal quotation marks and citation omitted). Moreover, to state a claim of retaliation, a plaintiff need not be complaining of a hostile work environment or discrimination that is actually unlawful under Title VII, but she must reasonably believe that she was complaining of behavior prohibited by Title VII. Jordan, 458 F.3d at 338-39. Again, we agree with the district court that no genuine issue of fact prevented entry of summary judgment for AirTran as to this claim.

Accordingly, we affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED