**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-2083

MARIA AGELLI, M.D., M.S.,

            Plaintiff - Appellant,

      v.

KATHLEEN SEBELIUS, Secretary, U.S. Department of Health & Human Services,

            Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, District Judge. (8:09-cv-01077-RWT)

Submitted: January 31, 2012            Decided: February 16, 2012

Before WILKINSON and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jerry R. Goldstein, BULMAN, DUNIE, BURKE & FELD, CHTD, Bethesda, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Neil R. White, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maria Agelli, M.D., appeals the district court's opinion and order granting summary judgment for the U.S. Department of Health & Human Services in her employment discrimination action. On appeal, Agelli contends that she established a prima facie case that Defendant discriminated against her on the basis of national origin, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2003 & Supp. 2011) ("Title VII"). Agelli also alleged retaliation, in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791 (2006), and hostile work environment and retaliation, in violation of Title VII. Finding no error, we affirm.

We review de novo a district court's grant of summary judgment, "viewing the facts and the reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the moving party sufficiently supports its motion for summary judgment, the nonmoving party must demonstrate "that

2

there are genuine issues of material fact." Emmett, 532 F.3d at 297.

Title VII prohibits employers from "discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . national origin." 42 U.S.C.A. § 2000e-2(a)(1). Where, as here, there is no direct evidence of discrimination, "a plaintiff may proceed under the McDonnell Douglas[*] 'pretext' framework, under which the employee, after establishing a prima facie case of discrimination, demonstrates that the employer's proffered permissible reason for taking an adverse employment action is actually a pretext for discrimination." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 318 (4th Cir. 2005) (internal quotation marks and brackets omitted). It is well established that, even under the McDonnell Douglas burden-shifting scheme, the ultimate burden of persuasion remains on the plaintiff at all times. Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981).

We conclude that the district court properly found that Agelli suffered two adverse employment actions — nonselection for a vacancy and imposition of a three-day suspension. See James v. Booz-Allen & Hamilton, Inc., 368 F.3d

_____

[*] McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

3

371, 375 (4th Cir. 2004) ("An adverse employment action is a discriminatory act which adversely affects the terms, conditions, or benefits of the plaintiff's employment.") (internal quotation marks and brackets omitted). However, Agelli has failed to demonstrate a prima facie case of discriminatory discipline based on her three-day suspension. See Cook v. CSX Transp. Corp., 988 F.2d 507, 511 (4th Cir. 1993) (stating elements of prima facie case of discriminatory discipline). Additionally, while we are of the opinion that Agelli has demonstrated a prima facie case of discriminatory nonselection, see Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 285 (4th Cir. 2004) (stating elements of prima facie case of discriminatory nonselection), we conclude that Agelli has failed to demonstrate that Defendant's legitimate, nondiscriminatory reasons for her nonselection were pretextual.

Turning to Agelli's retaliation claims, we conclude that she has failed to demonstrate a prima facie case under Title VII or the Rehabilitation Act. See Ziskie v. Mineta, 547 F.3d 220, 229 (4th Cir. 2008) (stating elements of prima facie case of retaliation). Likewise, we conclude that Agelli has failed to demonstrate a prima facie case of hostile work environment. See Pueschel v. Peters, 577 F.3d 558, 565 (4th Cir. 2009) (stating elements of prima facie case of hostile work environment); see also Harris v. Forklift Sys., Inc., 510 U.S.

4

17, 21-23 (1993) (explaining that courts must look to totality of circumstances to determine whether conduct is subjectively and objectively hostile).

Finally, we conclude that the district court did not abuse its discretion in denying Agelli's motion for discovery under Federal Rule of Civil Procedure 56(d).  See Strag v. Bd. of Trs., 55 F.3d 943, 954 (4th Cir. 1995) (providing standard of review).

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED