**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 11-2390**

---

MICHAEL C. WORSHAM,

               Plaintiff – Appellant,

     v.

ACCOUNTS RECEIVABLE MANAGEMENT, INC.,

               Defendant – Appellee.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, District Judge. (1:10-cv-03051-JKB)

---

Argued: October 25, 2012          Decided: November 14, 2012

---

Before SHEDD, DAVIS, and WYNN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ARGUED:** Michael Craig Worsham, Forest Hill, Maryland, for Appellant. John Curtis Lynch, TROUTMAN SANDERS, LLP, Virginia Beach, Virginia, for Appellee. **ON BRIEF:** Elizabeth S. Flowers, TROUTMAN SANDERS, LLP, Virginia Beach, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Worsham brought this action against Accounts Receivable Management, Inc. ("ARM"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Maryland Telephone Consumer Protection Act ("MTCPA"). After both parties moved for summary judgment, the district court granted summary judgment for ARM. Worsham now appeals, and for the following reasons, we affirm.

I.

ARM is a debt-collection company that was trying to locate a debtor, Martha Bucheli,[1] who is Worsham's sister-in-law. During ARM's efforts to locate Bucheli, it discovered Worsham's phone number as a possible contact for Bucheli. ARM called Worsham's phone number approximately ten times in late May 2010. Worsham answered only two of these phone calls, and both times he heard a prerecorded message telling him to press "1" if he were Martha and "2" if he were not Martha. On one of these occasions, Worsham pressed "2" and upon hearing more prompts and options, he hung up the phone. On the other occasion, Worsham hung up the phone without pressing "2" to indicate he was not

---

[1] This name is spelled "Bucheli" in some parts of the record and "Buceli" in other parts. We use "Bucheli" in this opinion.

Bucheli.  At no point did Worsham speak to a live representative from ARM.

Based on these phone calls, Worsham filed suit in state court, alleging violations of the FDCPA, 15 U.S.C. § 1692 et seq., the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the MTCPA, Md. Code, CL § 14-3201 et seq., as well as asserting a state-law invasion of seclusion claim.  ARM removed the case to federal court, and after cross-motions for summary judgment, the district court granted ARM's motion and denied Worsham's motion.  Worsham appeals the grant of summary judgment for ARM on his FDCPA claims and MTCPA claim.

## II.

We review a grant of summary judgment de novo, "applying the same legal standards as the district court."  Pueschel v. Peters, 577 F.3d 558, 563 (4th Cir. 2009).  Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  At this stage, we must view the evidence in the light most favorable to the nonmoving party.  Durham v. Horner, 690 F.3d 183, 188 (4th Cir. 2012).

III.

A.

Worsham appeals the grant of summary judgment for ARM on three counts under the FDCPA, based on 15 U.S.C. §§ 1692b(3), 1692c(b), and 1692d(6), claiming that ARM's phone calls violated the statute. We disagree.

1.

We first address Worsham's claim under 15 U.S.C. § 1692b.[2] Although third parties may understandably find debt-collection calls bothersome or inconvenient, Congress has allowed debt collectors to call third parties on multiple occasions in certain instances. See 15 U.S.C. § 1692b. When communicating with a third party, the debt collector shall "not communicate with any such person more than once . . . unless the debt collector reasonably believes that the earlier response of such person is . . . incomplete and that such person now has . . . complete location information." Id. § 1692b(3). The use of the word "reasonably" indicates that this is an objective standard that the debt collector must meet to avoid liability under the FDCPA. Cf. Restatement (Second) of Torts § 283 cmt. 3 (1965) (observing that the "reasonable man" standard in tort-law

_____

[2] Because it is not necessary to our decision, we do not decide whether ARM's phone calls constitute "communications" under 15 U.S.C. § 1692a(2).

negligence is "an objective and external one, rather than that of the individual judgment, good or bad, of the particular individual").

Here, Worsham's complaint alleges that he heard "more prompts and options" after he pressed "2" to indicate that he was not Martha. J.A. 9. Based on this fact, a reasonable person would believe that Worsham's response to the call was incomplete. Furthermore, a reasonable person would believe that Worsham would have knowledge of Bucheli's location at the time of a later call based on his number appearing as a possible contact for Bucheli. Nothing in the record contradicts these facts, and Worsham cannot now contradict his own pleadings to create a genuine issue of material fact. See, e.g., Schott Motorcycle Supply, Inc. v. Am. Honda Motor Co., Inc., 976 F.2d 58, 61 (1st Cir. 1992) (observing that a "plaintiff should not be allowed to contradict its express factual assertion in an attempt to avoid summary judgment"); Bellefonte Re Ins. Co. v. Argonaut Ins. Co., 757 F.2d 523, 528 (2d Cir. 1985) ("A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding."). Accordingly, § 1692b(3) allowed ARM to continue calling Worsham until it reasonably believed that it had received a complete response, so ARM's additional phone calls did not violate the statute.

5

2.

Worsham's second FDCPA claim is based on 15 U.S.C. § 1692c(b). This section provides:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b) (emphasis added). This section explicitly exempts from liability any calls permitted under § 1692b. Because ARM's calls were permitted under § 1692b, those calls cannot give rise to liability under § 1692c(b). Thus, summary judgment was properly granted for ARM on this claim.

3.

Worsham's third FDCPA claim faces the same problem. Section 1692d(6) provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . . . Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

6

Id. § 1692d(6) (emphasis added).  Like § 1692c(b), § 1692d(6) expressly exempts from liability calls permitted under § 1692b. As we have discussed, ARM's calls were permitted under § 1692b. Summary judgment was therefore properly granted for ARM on this claim as well.

B.

Finally, we turn to Worsham's MTCPA claim.  In an earlier suit filed by Worsham, the Maryland Court of Special Appeals dealt with this same state-law claim under the MTCPA.  See Worsham v. Ehrlich, 957 A.2d 161 (Md. Ct. Spec. App. 2008). There, the Maryland court explicitly held that the MTCPA did not create the cause of action based on an alleged violation of 47 C.F.R. § 64.1200(b), the same cause of action that Worsham alleges here.  Id. at 171–72.  Although the question of whether the MTCPA creates this cause of action has not been answered by Maryland's highest court, we nevertheless see no reason to reject the determination of the state's intermediate appellate court that this cause of action does not exist under state law, particularly in light of the fact that Worsham was the plaintiff in that case.  See United States v. King, 673 F.3d 274, 279 (4th Cir. 2012) ("If the highest court of the state has not decided an issue of state law, we generally defer to the state's intermediate appellate courts on the issue.").  Based on the decision of the Maryland Court of Special Appeals in Worsham v.

7

Ehrlich, summary judgment was properly granted for ARM on Worsham's MTCPA claim.

## IV.

For the foregoing reasons, we affirm the order granting summary judgment for ARM.

AFFIRMED