**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1092**

TEMPIE ANN BELL,

        Plaintiff - Appellant,

    v.

DAVID J. SHULKIN, Secretary, Department of Veterans Affairs,

        Defendant - Appellee.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:14-cv-00188-WO-LPA)

Submitted:  August 31, 2017                Decided:  September 14, 2017

Before NIEMEYER, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Daniel F. Read, Durham, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, Steven N. Baker, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tempie Ann Bell appeals the district court's order granting summary judgment to the Secretary of the Department of Veterans Affairs on her claims brought pursuant to the Rehabilitation Act of 1973 (RA), 29 U.S.C.A. §§ 701 to 7961 (West 2008 & Supp. 2017), regarding her former employment at the Durham Veteran Affairs Medical Center ("DVAMC").[1] Finding no reversible error, we affirm.

We "review[] de novo [a] district court's order granting summary judgment." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). In determining whether a genuine dispute of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

---

[1] Bell also contends that the district court erred in applying collateral estoppel to parts of her claims. We discern no reversible error in the district court's application of collateral estoppel.

The district court first concluded that Bell failed to adequately allege a failure-to-accommodate claim. We agree. We have consistently held that plaintiffs are "not required to use any precise or magical words in their pleading." *Stevenson v. City of Seat Pleasant*, 743 F.3d 411, 418 (4th Cir. 2014) (collecting cases). However, "[i]t is [equally] well-established that parties cannot amend their complaints through briefing or oral advocacy." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013). Bell's amended complaint included four separate causes of actions, none of which included a failure-to-accommodate claim. While her complaint contained background allegations that DVAMC failed to accommodate her disability, because Bell did not designate this claim as part of her four delineated causes of action, these allegations did not "afford the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved." *Labram v. Havel*, 43 F.3d 918, 920 (4th Cir. 1995) (internal quotation marks omitted).

Turning to Bell's disability discrimination claim, the district court determined that Bell failed to establish that her reassignment was a cognizable adverse employment action. *Adams v. Anne Arundel Cty. Pub. Schs.*, 789 F.3d 422, 430 (4th Cir. 2015). Assuming that Bell had established that her reassignment was an adverse action, the district court further determined that she failed to demonstrate that DVAMC's legitimate, nondiscriminatory reason for her reassignment was a pretext for discrimination. *See Jacobs*, 780 F.3d at 575-76 (setting forth elements of disability discrimination claim). Similarly, although the district court questioned whether Bell established a prima facie

3

case of retaliation, it concluded that she could not establish that DVAMC's legitimate, nonretaliatory reasons for its employment actions were a pretext for retaliation. *See id.* at 578 (setting forth elements of retaliation claim). On appeal, Bell does not challenge the district court's alternative holding that she failed to establish pretext on her disability and retaliation claims. The "[f]ailure of a party in its opening brief to challenge an alternate ground for a district court's ruling waives that challenge." *Brown v. Nucor Corp.*, 785 F.3d 895, 918 (4th Cir. 2015) (alteration and internal quotation marks omitted). Thus, we conclude Bell has waived appellate review of these portions of the district court's order.[2]

Finally, we conclude that the district court did not err in granting summary judgment to DVAMC on Bell's harassment claim. To establish a hostile work environment claim, a plaintiff must demonstrate that the conduct about which she complains: "(1) was unwelcome; (2) resulted because of her . . . disability, or prior protected activity; (3) was sufficiently severe or pervasive to alter the conditions of her employment; and (4) was imputable to her employer." *Pueschel v. Peters*, 577 F.3d 558, 564-65 (4th Cir. 2009) (internal quotation marks omitted). Harassment is considered to meet the third, sufficiently severe or pervasive, element if "the workplace is permeated with discriminatory intimidation, ridicule, and insult." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotation marks omitted). The standard for proving an abusive work environment is intended to be a high one because it is designed to "filter

---

[2] In any event, we conclude that the district court did not err in its disposition of these claims.

4

out complaints attacking the ordinary tribulations of the workplace." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal quotation marks omitted). Thus, the plaintiff must show not only that she subjectively believed her workplace environment was hostile, but also that a reasonable person could perceive it to be objectively hostile. *Fox v. Gen. Motors Corp.*, 247 F.3d 169, 178 (4th Cir. 2001). "Such proof depends upon the totality of the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Bonds v. Leavitt*, 629 F.3d 369, 385 (4th Cir. 2011).

Although Bell complains that DVAMC's disciplinary actions constitute harassment, an employer does not engage in harassment because it takes reasonable disciplinary measures. *Id.* While Bell contends that some coworkers and patients made rude comments to her about her inability to perform certain tasks because of her disability, these comments are the type of "simple teasing, offhand comments, and isolated incidents (unless extremely serious) [that do] not amount to discriminatory changes in the terms and conditions of employment." *Faragher*, 524 U.S. at 788 (citation and internal quotation marks omitted). Additionally, Bell failed to offer specific evidence that her supervisor stalked her, as she alleged, instead relying on mere conclusory assertions insufficient to survive summary judgment.

5

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*