**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-1116

MARIA MELENDEZ,

   Plaintiff - Appellant,

  v.

BOARD OF EDUCATION FOR MONTGOMERY COUNTY,

   Defendant - Appellee,

  and

MONTGOMERY COUNTY PUBLIC SCHOOLS; ALBERT EINSTEIN HIGH SCHOOL,

   Defendants.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge. (8:14-cv-03636-DKC)

Submitted: September 19, 2017     Decided: October 10, 2017

Before NIEMEYER, TRAXLER, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ikechukwu Emejuru, Andrew Nyombi, EMEJURU & NYOMBI L.L.C., Silver Spring, Maryland, for Appellant. Marc P. Hansen, County Attorney, John P. Markovs, Deputy County Attorney, Edward B. Lattner, Chief, Division of Human Resources and Appeals, Christine M. Collins, Erin J. Ashbarry, Associate County Attorneys, Rockville, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maria Melendez appeals the district court's order granting summary judgment to her former employer, the Board of Education of Montgomery County ("BEMC"), on her sex discrimination, retaliation, and harassment claims brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2012). Finding no reversible error, we affirm.[1]

We "review[] de novo [a] district court's order granting summary judgment." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). In determining whether a genuine dispute of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

---

[1] We likewise conclude that the district court did not err in denying Melendez's motion to strike an affidavit. *See Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) (setting forth standard of review).

I.

A plaintiff may establish a sex discrimination claim under Title VII through two avenues of proof. *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 284 (4th Cir. 2004) (en banc), *abrogated on other grounds by Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013). "First, a plaintiff may establish a claim of discrimination by demonstrating through direct or circumstantial evidence that sex . . . discrimination motivated the employer's adverse employment decision." *Id.* Second, a plaintiff may proceed under the *McDonnell Douglas*[2] pretext framework. *Id.* at 285. Melendez proceeded under both frameworks.

For a plaintiff to survive summary judgment using direct evidence of discrimination, she "must produce direct evidence of a stated purpose to discriminate and/or indirect evidence of sufficient probative force to reflect a genuine issue of material fact." *Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 607 (4th Cir. 1999) (alteration and internal quotation marks omitted), *overruled on other grounds by Desert Palace v. Costa*, 539 U.S. 90 (2003). Such evidence includes "conduct or statements that both reflect directly the alleged discriminatory attitude and that bear directly on the contested employment decision." *Id.* (internal quotation marks omitted). "Derogatory remarks may in some instances constitute direct evidence of discrimination." *Id.* at 608. However, "in the absence of a clear nexus with the employment decision in question, the materiality of stray or isolated remarks is substantially reduced." *Merritt v. Old*

---

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

*Dominion Freight Line, Inc.*, 601 F.3d 289, 300 (4th Cir. 2010). We conclude that the district court correctly concluded that Melendez's direct evidence—Hopkins' lone statement that he did not want women working in the morning—was insufficient to establish a direct evidence claim.

We likewise discern no error in the district court's conclusion that Melendez failed to establish a claim pursuant to *McDonnell Douglas*. To establish her prima facie case of discrimination, Melendez was required to show: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 626 (4th Cir. 2015). Melendez alleged three adverse employment actions: a two-hour change in her schedule, a negative performance evaluation and subsequent placement into BEMC's Performance Improvement Process (PIP), and constructive discharge.[3]

"An adverse employment action is a discriminatory act which adversely affects the terms, conditions, or benefits of the plaintiff's employment." *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375 (4th Cir. 2004) (alteration and internal quotation marks omitted). "A reassignment can only form the basis of a valid Title VII claim if the plaintiff can show that the reassignment had some significant detrimental effect." *Id.* at

---

[3] On appeal, Melendez raises a fourth adverse action—BEMC's failure to pay her for all of her accrued leave when she resigned. However, because she failed to raise this argument before the district court, we do not consider it on appeal. *In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014). To the extent Melendez claims she suffered a hostile work environment as an adverse action, we consider her harassment claim separately.

376 (internal quotation marks omitted). Examples of an adverse action include a "decrease in compensation, job title, level of responsibility, or opportunity for promotion." *Id.* (internal quotation marks omitted).

Melendez's two-hour schedule change does not constitute an adverse employment action. Melendez contends she lost an accommodation to arrange care for her daughter. This child, 6 years old at the time Melendez received the accommodation, was 15 at the time of the change and Melendez proffered no evidence about her current childcare needs. While Melendez also contended that her transportation costs increased as a result of the change, small, additional commuting expenses do not establish the action was materially adverse. *See, e.g.*, *Cooper v. United Parcel Serv., Inc.*, 368 F. App'x 469, 474 (5th Cir. 2010) (collecting cases).

Melendez's placement into PIP likewise does not constitute an adverse action. Reprimands and poor performance evaluations alone "are much less likely to involve adverse employment actions than the transfers, discharges, or failures to promote whose impact on the terms and conditions of employment is immediate and apparent." *Adams v. Anne Arundel Cty. Pub. Sch.*, 789 F.3d 422, 431 (4th Cir. 2015). The only consequence Melendez identified as a result of her placement into PIP was an inability to transfer to another position. However, because a reassignment alone does not constitute an adverse employment action, we conclude that the loss of an ability to seek a reassignment likewise does not constitute an adverse employment action. *See James*, 368 F.3d at 377.

We further conclude that Melendez's constructive discharge claim fails. To establish constructive discharge, Melendez was required to show "(1) the deliberateness

6

of [BEMC']s actions motivated by [sexist] bias, and (2) the objective intolerability of the working conditions." *Freeman v. Dal-Tile Corp.*, 750 F.3d 413, 425 (4th Cir. 2014) (internal quotation marks omitted). Mere "dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are not so intolerable as to compel a reasonable person to resign." *Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 187 (4th Cir. 2004) (internal quotation marks omitted). Melendez's displeasure with her work assignments and her disagreement with her negative performance evaluations do not suffice to support a constructive discharge claim. *Williams v. Giant Food Inc.*, 370 F.3d 423, 434 (4th Cir. 2004). Accepting Melendez's assertion that a supervisor pushed a trash can at her ("the trash can incident"), this occurred more than a year before her resignation, and a reasonable employee would not have resigned as a result of this past isolated incident. Additionally, Melendez has failed to offer any evidence demonstrating any sexist or retaliatory motive for this action.

## II.

Turning to Melendez's retaliation claim, proceeding under the *McDonnell Douglas* framework, Melendez was required to "show (1) that she engaged in protected activity; (2) that her employer took an adverse action against her; and (3) that a causal connection existed between the adverse activity and the protected action." *Jacobs*, 780 F.3d at 578 (alterations and internal quotation marks omitted). "The employer then has the burden to rebut the presumption of retaliation by articulating a legitimate nonretaliatory reason for its actions." *Id.* (internal quotation marks omitted). If the

7

employer does so, the plaintiff must "show that the proffered reason is pretext." *Id.* "Title VII retaliation claims must be proved according to traditional principles of but-for causation." *Nassar*, 133 S. Ct. at 2533; *see also Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 252 (4th Cir. 2015).

The only protected activity within BEMC's knowledge was a May 2010 letter, written by Melendez and received by BEMC, complaining of certain issues. *See Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 410-11 (4th Cir. 2013). But Melendez's schedule change occurred before she drafted the letter. And even assuming her placement in PIP was an adverse action, this placement did not occur until March 2011, approximately 10 months after she drafted the letter, negating any retaliatory animus that could be inferred from the fact that Melendez had never before received a negative performance evaluation. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 660 (5th Cir. 2012). Moreover, Melendez failed to establish a constructive discharge claim. Thus, we conclude that the district court correctly granted summary judgment on Melendez's retaliation claim.

## III.

Finally, we conclude that the district court did not err in granting summary judgment to BEMC on Melendez's harassment claim. To establish a hostile work environment claim, a plaintiff must demonstrate that the conduct about which she complains: "(1) was unwelcome; (2) resulted because of her gender . . . or prior protected activity; (3) was sufficiently severe or pervasive to alter the conditions of her employment; and (4) was imputable to her employer." *Pueschel v. Peters*, 577 F.3d 558,

8

564-65 (4th Cir. 2009) (internal quotation marks omitted). To prove the second prong, "a plaintiff must show that but for the employee's sex . . . or protected activity, he or she would not have been the victim of the discrimination." *Id.* at 565 (alteration and internal quotation marks omitted). Harassment is considered sufficiently severe or pervasive so as to alter the terms or conditions of the employment if a workplace is "permeated with discriminatory intimidation, ridicule, and insult." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotation marks omitted). The fact that Melendez was required to perform tasks consistent with her job description does not constitute harassment. *Hobbs v. City of Chicago*, 573 F.3d 454, 464 (7th Cir. 2009). While the trash can incident can be viewed as a physically threatening incident, *see Bonds v. Leavitt*, 629 F.3d 369, 385 (4th Cir. 2011), Melendez failed to demonstrate that the supervisor acted with any sexist or retaliatory animus. The fact that the supervisor told Melendez he did not want women working in the morning is too attenuated to support the inference that the trash can incident occurred because she is a woman or in retaliation for her protected activity. *See Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998).

IV.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

9