NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3336

JANICE L. STRIBLING,

Petitioner,

v.

DEPARTMENT OF EDUCATION,

Respondent.

Janice L. Stribling, of Alexandria, Virginia, pro se.

Maame A.F. Ewusi-Mensah, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Jeanne E. Davidson, Director, and Harold D. Lester, Jr., Assistant Director.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2008-3336

JANICE L. STRIBLING,

Petitioner,

v.

DEPARTMENT OF EDUCATION,

Respondent.

Petition for review of the Merit Systems Protection Board in DC0752080086-I-1.

_____

DECIDED:  February 5, 2009

_____

Before LINN and PROST, <u>Circuit Judges</u>, and ARTERTON, <u>District Judge</u>.[*]

PER CURIAM.

Janice L. Stribling ("Stribling") petitions for review of a final decision of the Merit Systems Protection Board ("Board") affirming her removal from employment by the Department of Education (the "agency").  <u>Stribling v. Dep't of Educ.</u>, No. DC0752080086-I-1 (M.S.P.B. Mar. 4, 2008) ("<u>Initial Decision</u>"), <u>review denied</u>, <u>Stribling v. Dep't of Educ.</u>, No. DC0752080086-I-1 (M.S.P.B. Aug. 4, 2008).  Because Stribling has identified no basis for us overturn the Board's decision, we <u>affirm</u>.

At the time of her removal, Stribling was a secretary in the agency's Office of Federal Student Aid.  <u>Initial Decision</u> at 1.  In May 2005, Stribling was transferred from

_____

[*]  Honorable Janet B. Arterton, District Judge, United States District Court for the District of Connecticut, sitting by designation.

Philadelphia to the agency's office in Washington, D.C.  Id. at 20.  In connection with this transfer, Stribling was given a government credit card to cover authorized relocation expenses, including a temporary housing allowance.  Id.  Stribling's temporary housing allowance expired on August 7, 2005, but she continued to use her travel credit card to pay for housing and other expenses until August 30, 2005.  Id. at 20-21.

Additionally, on August 8, 2005, Stribling reported to her supervisor that she had suffered a medical emergency, and she requested to be placed on unpaid leave.  Id. Stribling's supervisor granted the request, but requested specific medical documentation of Stribling's medical condition and prognosis.  Id. at 12-14.  When Stribling failed to provide the requested medical documentation, her supervisor ordered her to return to work effective September 15, 2005.  Id.  Stribling did not return to work for fifteen days during the period from September 15, 2005 through October 5, 2005, nor did she contact her supervisor on those dates to request leave as required by the agency's collective bargaining agreement.  Id. at 7, 14.

The agency removed Stribling for absence without leave, failure to follow leave requesting procedures, and misuse of a government travel credit card.  Id. at 1. Following a hearing, an administrative judge of the Board found that the agency had proven all three charges by a preponderance of the evidence, and that Stribling had failed to prove either of her affirmative defenses of disability discrimination and retaliation.  Id. at 7-28.  The administrative judge also concluded that the agency had properly applied the Douglas factors and that the penalty of removal was reasonable. Id. at 28-30 (citing Douglas v. Veterans Admin., 5 M.S.P.R. 280, 306 (1981)).  The full Board denied review, and Stribling appeals.

I

Preliminarily, we address our jurisdiction to hear Stribling's appeal. Before the Board, Stribling raised an affirmative defense of disability discrimination, and the Board found that she had failed to prove the defense by a preponderance of the evidence. Id. at 26. Ordinarily, this court has "no jurisdiction over the merits of a mixed case, i.e., one involving an adverse action and a claim of discrimination," unless "the petitioner files an explicit waiver of the claim of discrimination." Davidson v. U.S. Postal Serv., 24 F.3d 223, 223-24 (Fed. Cir. 1994). In this case, Stribling explicitly waived her discrimination claims by completing this court's Rule 15(c) Statement Concerning Discrimination (Form 10), and checking the box stating that "Any claim of discrimination by reason of race, sex, age, national origin, or handicapped condition raised before and decided by the Merit Systems Protection Board or arbitrator has been abandoned or will not be raised or continued in this or any other court."

Notwithstanding this explicit waiver, Stribling's informal brief contains, among her other arguments, an assertion that her affirmative defense of disability discrimination was wrongly decided because "[t]he MSPB failed to consider reasonable accommodation." Pet'r's Informal Br. ¶ 4. Because Stribling's Rule 15(c) statement unambiguously waived any claim based on discrimination, and because this is neither a case in which the petitioner's other arguments cannot be divorced from her discrimination claim, nor one in which the appeal is based entirely on allegations of discrimination, the court deems the argument based on discrimination not before us. Accordingly, we will not address it and do not consider it to defeat our jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) over Stribling's appeal.

II

"Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence." Abell v. Dep't of Navy, 343 F.3d 1378, 1382-83 (Fed. Cir. 2003) (citing 5 U.S.C. § 7703(c)). "The petitioner bears the burden of establishing error in the Board's decision." Harris v. Dep't of Veterans Affairs, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

Apart from the discrimination argument we have deemed not before us, Stribling raises two principal arguments on appeal. First, Stribling asserts that the Board made errors in fact-finding by overlooking various emails, questionnaires, letters, and other documents that Stribling has identified in the record. We have reviewed each of the documents that Stribling has identified, and find nothing that contradicts the Board's findings. Although some of the identified documents concern Stribling's efforts to obtain treatment for medical conditions, none of the identified documents suggests that Stribling ever obtained or submitted the medical documentation that her supervisor expressly requested to justify her request for leave. Likewise, none of the identified documents suggests that Stribling complied with the terms of the agency's collective bargaining agreement when requesting leave. Finally, none of the identified documents suggests that Stribling was authorized to use her government travel credit card for expenses after its expiration on August 7, 2005. Thus, we conclude that the Board's findings concerning Stribling's absence without leave, her failure to follow leave

requesting procedures, and her misuse of a government travel credit card are all supported by substantial evidence.

Second, Stribling argues that the Board erred by rejecting her claim that she was terminated as a result of protected whistleblowing activity. "To establish a violation of the Whistleblower's Protection Act (WPA), we require proof of four elements: (1) the acting official has the authority to take, recommend, or approve any personnel action; (2) the aggrieved employee made a disclosure protected under [5 U.S.C. §] 2302(b)(8); (3) the acting official used his authority to take, or refuse to take, a personnel action against the aggrieved employee; (4) the acting official took, or failed to take, the personnel action against the aggrieved employee because of the protected disclosure." Drake v. Agency for Int'l Dev., 543 F.3d 1377, 1380 (Fed. Cir. 2008) (quoting Lachance v. White, 174 F.3d 1378, 1380 (Fed. Cir. 1999)). The Board found that Stribling's alleged whistleblowing activity occurred two years prior to her removal, and that it concerned actions by management officials in the Philadelphia office of the Office of Federal Student Aid. Initial Decision at 6 n.2. Stribling neither explained at the Board nor explains on appeal how her disclosures concerning managers in the Philadelphia office could have been the cause of her termination two years later by different managers in the Washington D.C. office. Accordingly, we have no basis on which to disturb the Board's rejection of this claim.

In sum, we cannot conclude that the Board's decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by

substantial evidence." <u>Abell</u>, 343 F.3d at 1382-83.  We therefore <u>affirm</u> the decision of the Board.

COSTS

No costs.