**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1907**

ZONNYTTA BOLTON,

        Plaintiff - Appellant,

    v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security;
OFFICE OF PERSONNEL MANAGEMENT,

        Defendants - Appellees.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro. Loretta C. Biggs,
District Judge. (1:14-cv-00151-LCB-LPA)

Argued: December 6, 2016        Decided: January 5, 2017

Before MOTZ, KEENAN, and THACKER, Circuit Judges.

Affirmed in part, reversed in part, and remanded by unpublished
per curiam opinion.

**ARGUED**: Phillip R. Kete, Chesapeake Beach, Maryland, for
Appellant. Sydney Foster, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Appellees. **ON BRIEF**: Norman B. Smith,
SMITH, JAMES, ROWLETT & COHEN, LLP, Greensboro, North Carolina,
for Appellant. Benjamin C. Mizer, Principal Deputy Assistant
Attorney General, Marleigh D. Dover, Civil Division, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Ripley Rand,
United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY,
Greensboro, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After being demoted from her paralegal specialist position with the Social Security Administration ("SSA"), Zonnytta Bolton appealed to the Merit Systems Protection Board ("MSPB"), contending that her demotion resulted from discrimination and improper personnel procedures. After Bolton provided notice that resolution of her claim involved interpretation of regulations promulgated by the Office of Personnel Management ("OPM"), the MSPB sua sponte bifurcated her appeal into an individual challenge to her demotion and a claim seeking review of those OPM regulations. Because of this bifurcation, which Bolton did not request and consistently questioned, the MSPB decided her claim regarding the applicable regulations first, and Bolton appealed that decision to the Court of Appeals for the Federal Circuit.

After exhausting MSPB remedies with regard to the individual demotion claim, Bolton then sought review of that claim in the Middle District of North Carolina, raising two discrimination claims and six non-discrimination claims. The district court concluded that when Bolton filed her appeal with the Federal Circuit, she waived district court review of her discrimination claims. Therefore, it dismissed her entire case for lack of subject matter jurisdiction. For the reasons that

3

follow, we affirm in part, reverse in part, and remand for further proceedings.

I.

On October 24, 2011, Bolton, a hearing-impaired employee with the SSA, was demoted from a GS-12 paralegal specialist position to a GS-8 senior case technician position. She filed an administrative appeal with the MSPB, claiming that her demotion violated 5 U.S.C. § 4303 (providing rights and safeguards to which a government employee is entitled before demotion); 5 C.F.R. § 432.104 (providing criteria necessary to demote an employee); and the Rehabilitation Act of 1973, 29 U.S.C. § 791 (prohibiting disability discrimination by programs receiving federal financial assistance). She also argued that her demotion involved an improper personnel procedure, that is, the SSA did not have an OPM-approved performance appraisal system as required by 5 C.F.R. § 432.104.

A few months later, Bolton filed a "motion for notice to the O[PM]," explaining "the interpretation of an OPM regulation [wa]s at issue" in her case. J.A. 58 (capitalization omitted);[1] see also 5 U.S.C. § 7701(d)(2) ("The [MSPB] shall promptly notify the Director [of the OPM] whenever the

_____

[1] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

4

interpretation of any civil service law, rule, or regulation under the jurisdiction of the O[PM] is at issue in any proceeding under this section."). Thereafter, the MSPB did not rule on the motion, but rather, bifurcated Bolton's case into one claim based on discrimination and improper personnel procedures, see Bolton v. Soc. Sec. Admin., No. DC-0432-12-0121-I-1 (the "individual case"), and one claim seeking review of OPM regulations, see Bolton v. Office of Pers. Mgmt., No. CB-1205-12-0011-U-1 (the "regulation-review case"). Bolton had not requested bifurcation; the MSPB simply bifurcated of its own accord, relying solely on Bolton's motion for notice. The cases then progressed on two different tracks, despite the fact that Bolton filed a statement with the MSPB in March of 2012 stating, "The record should be clear that Ms. Bolton did not file a . . . request for [regulation] review . . ." J.A. 144.

On June 5, 2012, a single administrative law judge for the MSPB (the "ALJ") issued its initial decision in the individual case. The ALJ upheld the SSA's decision to demote Bolton, concluding: the SSA's performance appraisal system was properly approved by OPM; it remained an "approved" system at the time Bolton was demoted; and the SSA's performance standards were valid, permitted [an] accurate evaluation of Bolton's job performance, and were adequately communicated to her. J.A. 77-84. As for Bolton's allegations of disability discrimination,

the ALJ found that Bolton did not present sufficient evidence of harassment, retaliation, failure to accommodate, or discrimination based on disparate treatment. Finally, the ALJ found that the SSA did not violate Bolton's due process rights in ordering her demotion. Bolton filed a petition for review of this decision with the full three-judge MSPB.

Three days later, on June 8, 2012, Bolton filed a statement in the regulation-review case, arguing generally that OPM's regulations "result in the commission of prohibited personnel practices," and suggesting that the problem may be "government-wide" rather than limited to the SSA. J.A. 146 (capitalization omitted). Then, while the petition for review in the individual case was pending, the MSPB issued a final decision in the regulation-review case on April 2, 2013, declining to review Bolton's claim in part because it "ha[d] been reached . . . in her individual [MSPB] appeal." J.A. 190.

On June 4, 2013, Bolton filed an appeal of the MSPB's regulation-review decision with the Federal Circuit. See ECF No. 1, Bolton v. Office of Pers. Mgmt., No. 13-3123 (Fed. Cir. June 4, 2013); see also J.A. 199. The sole issue in that appeal was whether the Federal Circuit should "set aside [the] MSPB decision to not review certain OPM regulations," because the MSPB failed to "explain why th[ose] regulations should not be reviewed." J.A. 224, 231.

On July 25, 2013, Bolton filed a motion to stay in the Federal Circuit pending a final decision from the MSPB in her individual case. She explained, "The peculiar history of the case . . . makes it unlikely, albeit not impossible, that a decision by this court will be necessary, because any judicial review Ms. Bolton seeks will be provided by an appropriate federal district court." J.A. 203. OPM opposed the motion and filed a motion to dismiss for lack of jurisdiction because the MSPB did not decide the regulation-review case on its merits. The Federal Circuit denied the stay and motion to dismiss without explanation. Then, on January 24, 2014, the full MSPB denied Bolton's petition for review in the individual case.

With her regulation-review appeal still pending in the Federal Circuit, on February 21, 2014, Bolton filed the instant action against OPM and the Acting Commissioner of the SSA (collectively, "Appellees") in the Middle District of North Carolina. The operative complaint, amended on August 15, 2014, contains the following eight claims:

- discriminatory demotion (Count One);

- failure to accommodate Bolton's hearing disability (Count Two);

- failure to establish, communicate, and use statutory performance standards in demoting Bolton (Count Three);

7

- improper demotion of Bolton without certain statutory and regulatory preconditions (Count Four);

- improper use of statute for demoting Bolton without OPM review for compliance (Count Five);

- due process violations (Counts Six and Seven); and

- administrative challenge to OPM's approval of 50 agencies' performance appraisal systems, and OPM's promulgation of requirements for such approval (Count Eight).

On April 1, 2014, Bolton filed a request to voluntarily dismiss her regulation-review appeal, which the Federal Circuit granted the following day.

In the district court, Appellees filed a motion to dismiss, arguing, inter alia, that Bolton waived her discrimination claims, depriving the district court of jurisdiction. The motion was referred to a magistrate judge, who recommended the motion be granted. The district court dismissed the amended complaint on July 7, 2015, adopting the magistrate judge's explanation that "absent any authority to the contrary, this Court cannot ignore [Bolton]'s <u>waiver of her discrimination claims</u> at the Federal Circuit and give her another opportunity to litigate them when the Fourth Circuit has plainly foreclosed that maneuver." <u>Bolton v. Colvin</u>, No. 1:14-cv-151, 2015 WL 2452829, at *5 (M.D.N.C. May 22, 2015) (citing

8

_Pueschel v. Peters_, 577 F.3d at 563–64 (4th Cir. 2009)) (emphasis supplied), _report and recommendation adopted_, No. 1:14-cv-151, 2015 WL 4094127 (M.D.N.C. July 7, 2015).

Bolton timely noted this appeal, which challenges the district court's dismissal. "In reviewing a district court's dismissal of a claim for lack of [subject matter] jurisdiction . . . , we review the court's factual findings for clear error and its legal conclusions de novo." _Al Shimari v. CACI Premier Tech., Inc._, 840 F.3d 147, 154 (4th Cir. 2016).

## II.

As a matter of background, under the Civil Service Reform Act of 1978 ("CSRA"), "a federal employee subjected to . . . [a] demotion may appeal her agency's decision to the M[SPB]." _Kloeckner v. Solis_, 133 S. Ct. 596, 600 (2012); _see also_ 5 U.S.C. §§ 7512(3)-(4), 7701(a). In such an appeal, the employee "may claim, among other things, that the agency discriminated against her in violation of a federal statute." _Kloeckner_, 133 S. Ct. at 600. If an employee claims she was demoted via an improper personnel procedure _and_ alleges that the demotion was based on discrimination, this is called a "mixed case." _Id._ at 601; _see also_ 29 C.F.R. § 1614.302. It is undisputed that Bolton's initial filing with the MSPB was a mixed case appeal.

9

The MSPB is not only the main adjudicatory body for federal employees subject to a termination, demotion, or other adverse employment action, see 5 U.S.C. § 1204(a); it also has a "regulation review" function. For example, pursuant to 5 U.S.C. § 1204(a)(4), the MSPB is tasked with "review[ing] . . . rules and regulations of the O[PM]." The MSPB "shall review any provision" of an OPM rule or regulation "on [the MSPB's] own motion" or "on the granting . . . of any petition for such review filed with [MSPB] by any interested person." 5 U.S.C. § 1204(f)(1)(A)-(B). The MSPB also has the authority to determine whether an OPM regulation has been invalidly implemented by an agency such as the SSA. See id. § 1204(f)(2)(B).

If an employee is displeased with her adverse employment action, she can file an appeal to the MSPB, and an administrative judge will issue an "initial decision." 5 C.F.R. § 1201.111. If the initial decision is adverse to the employee, she may then petition the full MSPB for review. See 5 U.S.C. § 7701(e). If the full MSPB denies the petition for review, the initial decision becomes the final decision. See 5 C.F.R. § 1201.113(b).

"An employee who is dissatisfied with the MSPB's decision is entitled to judicial review in the United States Court of Appeals for the Federal Circuit." Elgin v. Dep't of

10

Treasury, 132 S. Ct. 2126, 2130 (2012); see also 5 U.S.C. § 7703(b)(1)(A). Generally, the Federal Circuit "has exclusive jurisdiction over appeals from a final decision of the MSPB." Elgin, 132 S. Ct. at 2131 (internal quotation marks omitted). There is an exception that is relevant here: if the MSPB upholds the agency's personnel action in a mixed case, "[t]he employee may appeal [the] MSPB decision to either the U.S. Court of Appeals for the Federal Circuit or the appropriate federal district court." Pueschel v. Peters, 577 F.3d 558, 563 (4th Cir. 2009) (emphasis supplied) (citing 5 U.S.C. § 7703); see also Kloeckner, 133 S. Ct. at 604. But we have held, "If the employee pursues the mixed case in the Federal Circuit, then she abandons her discrimination claims because the Federal Circuit lacks jurisdiction to entertain discrimination claims." Pueschel, 577 F.3d at 563.

A.

It is well established that the federal district courts possess authority to review "mixed case" appeals from MSPB decisions. See Kloeckner, 133 S. Ct. at 604 (citing 5 U.S.C. §§ 7703(b)(2), 7702(a)(1)); Pueschel, 577 F.3d at 563. The district court's conclusion does not deny this proposition; rather, it rests on Bolton's waiver of the right to seek such review.

11

"[W]aiver is the intentional relinquishment or abandonment of a known right." Wood v. Crane Co., 764 F.3d 316, 326 n.9 (4th Cir. 2014) (emphasis supplied) (quoting United States v. Olano, 507 U.S. 725, 733 (1993)); see also Johnson v. Zerbst, 304 U.S. 458, 464 (1938); Little Beaver Enters. v. Humphreys Rys., Inc., 719 F.2d 75, 79 (4th Cir. 1983) (explaining that waiver is effective "if the acts or conduct of one party evidences an intention to" give up certain rights (emphasis supplied)).

The district court relied on two distinct actions to conclude that Bolton waived her right to pursue her discrimination claims in the district court: (1) the filing of her appeal in the Federal Circuit, and (2) her representations made on the Federal Circuit's "Statement Concerning Discrimination," also known as "Form 10." We disagree that these actions demonstrated an intentional relinquishment of Bolton's right to district court review.

1.

Federal Circuit Appeal

The district court's decision that Bolton waived review of her mixed case in district court relied heavily on this court's decision in Pueschel v. Peters, 577 F.3d 558 (4th Cir. 2009). There we held, "If the employee pursues [a] mixed case in the Federal Circuit, then she abandons her

12

discrimination claims because the Federal Circuit lacks jurisdiction to entertain discrimination claims." Id. at 562; see also Williams v. Dep't of the Army, 715 F.2d 1485, 1490 (Fed. Cir. 1983). We also stated that a petitioner "cannot create a superficial distinction between her claims that have gone before the Federal Circuit and the district courts [when] they arise out of the same set of facts." Pueschel, 577 F.3d at 564.

But the case at hand is markedly different than Pueschel. Deborah Pueschel, the erstwhile employee, was terminated and denied the opportunity to buy back annual leave from her employer. She pursued a mixed case with the MSPB. There, she raised a discrimination defense, but the MSPB rejected it and upheld the termination. See Pueschel, 577 F.3d at 563. Then Pueschel, pursuing her non-discrimination claims, appealed that decision to the Federal Circuit. See id. After a decision on the merits from the Federal Circuit, Pueschel then pursued her disability-based discrimination claims in the Eastern District of Virginia. See id. at 564. Thus, Pueschel herself "bifurcate[d]" her claims by filing an appeal from her mixed case in the Federal Circuit and separately pursuing her discrimination claims in district court. Id. In other words, Pueschel sought "a second bite at the apple" on her discrimination claims. Id. (internal quotation marks omitted).

13

Here, in contrast, the MSPB itself bifurcated Bolton's claim, and Bolton did not wait for a decision from the Federal Circuit, but rather, voluntarily dismissed it after she filed her district court action. Moreover, Bolton made numerous filings in both the MSPB and Federal Circuit, explaining that she did not intend for the claims to be separate and that she wanted to preserve review of her individual case. See, e.g., J.A. 144 (March 26, 2012 filing with MSPB: "[Bolton] did not file a . . . request for [regulation] review, at least not consciously."); id. (same: "Bolton has in no way abandoned her right to have proper litigation of her prohibited personnel practices claim in her individual case."); id. at 117 (June 12, 2012 filing with MSPB: requesting an extension of time to file a petition for review of the individual case "in order to avoid duplication" with the regulation-review case); id. at 202 (July 15, 2013 filing with Federal Circuit: "Bolton respectfully requests the court . . . to suspend the [briefing] schedule . . . at least until the M[SPB] issues a decision in [the individual case]"); id. at 228 (May 13, 2015 brief filed in Federal Circuit: "The motion [for notice to OPM] did not assert that the OPM regulations were invalid."); id. at 229 (same: "[T]he merits of [Bolton's arguments] are in no way before this court.").

Furthermore, the government agencies involved have sent mixed signals to Bolton. For example, Appellees admitted "judicial review would be available in district court to challenge . . . the [MSPB]'s review of [her] mixed case against SSA," despite the fact that she had already filed the Federal Circuit appeal. J.A. 278 n.7; see also id. at 218. And on April 2, 2013, 14 months after the MSPB itself docketed the regulation review case separately, the MSPB then turned around and said it could not review her claim because the regulation review issue "ha[d] been reached . . . in her individual [MSPB] appeal." Id. at 190. In order to preserve her appeal of that issue, however, Bolton was required to file an appeal to the Federal Circuit within 60 days. See 5 U.S.C. § 7703(b)(1)(A) ("Notwithstanding any other provision of law, any petition for review shall be filed within 60 days after [MSPB] issues notice of the final order or decision . . . .").

In short, Bolton was between a rock and a hard place: she could file her appeal with the Federal Circuit and risk losing her discrimination claims (which had not even been finalized yet), or she could wait until the final decision in the individual case and potentially lose her opportunity to appeal the regulation-review issue. And it was the Government

who put her in this position. <u>Pueschel</u> simply did not contemplate this type of situation.[2]

Appellees understandably rely on <u>Pueschel</u>'s admonition that a plaintiff cannot create a "superficial distinction" between the Federal Circuit and district court claims when they "arise out of the same facts." <u>Pueschel</u>, 577 F.3d at 564. But this case presents no "superficial distinction." Rather, it is a distinction <u>created</u> by the administrative body that reviewed the claims. No case relied on by Appellees possesses this unique fact. <u>See, e.g.</u>, <u>Chappell v. Chao</u>, 388 F.3d 1373, 1375-76 (11th Cir. 2004) (employee filed a mixed case appeal with the MSPB; while it was pending, he filed separate discrimination action in district court based on the same conduct; after that, he appealed the MSPB decision to the Federal Circuit); <u>McAdams</u>

_____

[2] To make matters worse, at oral argument, the Government stated that Bolton's two cases were "effectively merged" and "reconsolidate[d]" before she appealed to the Federal Circuit; thus, she could have chosen not to appeal the regulation-review case to the Federal Circuit but still somehow preserve her review of that case. Oral Argument at 32:15-32:37, 33:20-33:30, <u>Bolton v. Social Security Admin.</u>, No. 15-1907 (Dec. 6, 2016), available at http://www.ca4.uscourts.gov/oral-argument/listen-to-oral-arguments. But the Government could not demonstrate that Bolton received explicit notice of formal reconsolidation. In any event, the deadline for filing a Federal Circuit appeal of the regulation-review case expired <u>before</u> the MSPB issued its final decision in the individual case. Therefore, as previously noted, if Bolton had waited to appeal the regulation-review issues in the district court, she risked losing her regulation-review appeal in the Federal Circuit. <u>See</u> 5 U.S.C. § 7703(b)(1)(A).

v. Reno, 64 F.3d 1137, 1140 (8th Cir. 1995) (after successfully winning at the MSPB level, employee sought additional Title VII damages in the district court); Smith v. Horner, 846 F.2d 1521, 1521 (D.C. Cir. 1988) (employee filed denial of disability claim with MSPB and appealed to Federal Circuit; after adverse decision there, he filed a discrimination action in district court).

In all, Bolton did not "pursue[] the mixed case in the Federal Circuit," nor did she "cho[o]se to split" her discrimination claims. Pueschel, 577 F.3d at 563 (internal quotation marks omitted). Therefore, Pueschel does not support the conclusion that Bolton intentionally abandoned review of her discrimination claims.

2.

Form 10

The district court accurately acknowledged that "the Federal Circuit requires . . . employees [appealing MSPB cases to the Federal Circuit] to certify, by completing Federal Circuit Claim Form 10, either that no claim of discrimination has been or will be made, or that any such claim has been abandoned." Bolton, 2015 WL 2452829, at *2. Bolton filed the Form 10, but a close look at the form reveals she did not certify "no claim of discrimination has been or will be made,"

17

nor did she certify that her discrimination claim "has been abandoned."

For example, Bolton checked the line next to the following statement: "No claim of discrimination by reason of race, sex, age, national origin, or handicapped condition has been or will be made in this case." J.A. 201 (emphasis supplied). Indeed, "this case," i.e., the case being appealed to the Federal Circuit, stemmed from a request for review of cross-agency OPM regulations -- not discrimination -- and the briefing only challenged the MSPB's failure to explain its decision in the regulation-review case.

Also on the Form 10, Bolton answered "No" to the question: "Have you filed a discrimination case in a United States district court from the [MSPB]'s . . . decision?" J.A. 201. She did not check the blank next to this statement: "Any claim of discrimination . . . raised before and decided by [MSPB] has been abandoned or will not be raised or continued in this or any other court." Id.

None of these indications on the Form 10 demonstrate that Bolton intentionally relinquished her discrimination claims by appealing the regulation-review case to the Federal Circuit. Cf. De Santis v. Merit Sys. Prot. Bd., 826 F.3d 1369, 1372 n.2 (Fed. Cir. 2016) (noting that the employee "no longer ha[d] a discrimination claim" where "he did not pursue his

18

discrimination claim with the [MSPB], and he informed th[e] [Federal Circuit], in his Form 10 filing, that no claim of age discrimination 'has been or will be made in this case'" (citation omitted) (emphasis supplied)); Stribling v. Dep't of Educ., 309 F. App'x 396, 398 (Fed. Cir. 2009) (explaining that employee "explicitly waived her discrimination claims by completing this court's . . . Form 10[], and checking the box stating that 'Any claim of discrimination . . . raised before and decided by the M[SPB] has been abandoned or will not be raised or continued in this or any other court'"). We note, however, that as a rule, a litigant cannot waive a discrimination claim solely by checking a certain box on the Form 10, nor can he or she avoid waiver by doing so. Our holding is simply that, on the strange facts of this particular case, the district court's reliance on Bolton's Form 10 to reach its waiver conclusion was inappropriate, as her discrimination claims were simply not part of the "case" being appealed to the Federal Circuit. See Pueschel, 577 F.3d at 564.

Bolton's Form 10 likewise fails to demonstrate waiver of her discrimination claims. Therefore, we reverse the district court's holding that Bolton waived her right to review of her discrimination claims and that it lacked subject matter jurisdiction over those claims.

19

B.

Relying on its conclusion that it lacked jurisdiction over the discrimination claims (Counts One and Two), the district court proceeded to dismiss the other six counts in Bolton's amended complaint, explaining, "[G]iven that this Court lacks subject-matter jurisdiction over [Bolton's] discrimination claims (the only basis on which an employee may appeal a decision of the MSPB to a federal district court), it lacks subject-matter jurisdiction over her entire action challenging her demotion by SSA." Bolton, 2015 WL 2452829, at *5. Because we have reversed this conclusion, we remand for consideration of Counts Three through Seven.

As to Count Eight, Bolton contends the district court possessed jurisdiction only on the basis of the Administrative Procedure Act ("APA"). See Appellant's Br. 1. The APA provides in relevant part, "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . is entitled to judicial review thereof." 5 U.S.C. § 702. However, "competitive service employees, who are given review rights by [the CSRA] cannot expand these rights by resort to judicial review outside of the CSRA scheme." Elgin, 132 S. Ct. at 2133 (emphasis omitted); see also Hall v. Clinton, 235 F.3d 202, 206 (4th Cir. 2000) ("[T]he comprehensive grievance procedures of the CSRA implicitly repealed all other then-

20

existing statutory rights of federal employees regarding personnel decisions." (footnote omitted)).  Bolton has already taken advantage of the CSRA scheme, as Count Eight is basically the same claim raised in the regulation-review case and voluntarily dismissed in the Federal Circuit.  Therefore, the APA cannot provide a basis for review of Count Eight, and we affirm the dismissal of that claim.

### III.

For the foregoing reasons, we affirm the district court's dismissal of Count Eight of Bolton's amended complaint.  We reverse its dismissal of Bolton's remaining seven counts, and remand for further proceedings on those claims.

AFFIRMED IN PART,
REVERSED IN PART,
AND REMANDED