United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 1, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30075
Summary Calendar
_____

SYLVESTER CASIMIER, JR

Plaintiff - Appellant

v.

UNITED STATES POSTAL SERVICE, John E. Potter, Postmaster General

Defendant - Appellee

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana, New Orleans
2:03-CV-3063-B
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Sylvester Casimier, Jr. ("Casimier")
appeals the district court's grant of summary judgment in favor
of Defendant-Appellee the United States Postal Service, John E.
Potter, Postmaster General (the "Postal Service"). For the
reasons that follow, we affirm the judgment of the district
court.

The following facts are undisputed by the parties. In 1996,
Casimier was employed by the Postal Service as a Distribution

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Clerk.  On January 10, 1997, the Postal Service issued to Casimier a notice of proposed removal which stated that Casimier had been reported being absent without official leave for approximately four hours per day for more than eighty days from August 1, 1996 through December 31, 1996.  On March 13, 1997, the Postal Service issued a letter of decision stating that Casimier's removal would be effective March 15, 1997.  The letter of decision also notified Casimier that if he believed his removal was based in whole or in part on discrimination, he had the right to file either (1) an appeal to the Merit Systems Protection Board ("MSPB"), or (2) an equal employment opportunity ("EEO") complaint with the Postal Service.

The record indicates that Casimier challenged his removal by filing both an appeal to the MSPB and an EEO complaint with the Postal Service.  On January 21, 1997, Casimier filed an informal complaint with the Postal Service EEO office.  In his informal EEO complaint, Casimier alleged that he was subjected to discrimination on account of his race, sex, color, physical handicap, and age.  On April 10, 1997, Casimier received by certified mail a Notice of Final Interview and Right to File a Formal Complaint, which notified Casimier that he had fifteen days to file a formal complaint.  Casimier, however, never filed a formal complaint of discrimination and his EEO claim, therefore, was never investigated.

Instead, on April 8, 1997, Casimier appealed his removal to the MSPB. On his MSPB appeal form, Casimier did not contend that his removal by the Postal Service was based in whole or in part on discrimination. On June 23, 1997, an administrative officer dismissed Casimier's MSPB appeal as withdrawn. Casimier subsequently filed a petition for review, challenging the dismissal of his MSPB appeal. On March 10, 1998, the MSPB remanded the case, and on July 31, 1998, an administrative officer affirmed Casimier's removal by the Postal Service. Casimier petitioned for review of that decision, but on September 30, 1998, the MSPB denied his petition.

On March 22, 2001, two and a half years after the MSPB's final action, Casimier filed a second informal complaint with the Postal Service EEO office. In this complaint, Casimier alleged that he was subjected to discrimination based on his race, sex, color, national origin, physical and mental disability, age, and in retaliation for his prior EEO activity.

On May 17, 2001, Casimier was notified of his right to file a formal complaint of discrimination, which Casimier did on May 25, 2001. On June 18, 2001, the Postal Service dismissed Casimier's complaint. The Postal Service concluded that Casimier's 2001 claim was identical to the claim Casimier failed to fully exhaust in 1997, necessitating dismissal of the 2001 complaint pursuant to 29 C.F.R. § 1614.107(a)(1). However, on December 9, 2002, the Equal Employment Opportunity Commission

("EEOC") reversed the Postal Service's decision, and remanded the case for further processing. The EEOC determined that because Casimier's 1997 claim never resulted in a formal complaint, his 2001 complaint could not be dismissed since it was not comprised of a claim already pending or decided in a previous complaint.

On February 4, 2003, the Postal Service again denied Casimier's 2001 complaint. In so doing, the Postal Service determined that Casimier's election to pursue the issue of his removal with the MSPB prevented his pursuit of an EEO claim. The Postal Service also notified Casimier of his right to file a civil action within ninety days, or in the alternative, to file an appeal to the EEOC within thirty days. Casimier elected to appeal to the EEOC, and on August 8, 2003, the EEOC upheld the Postal Service's dismissal of Casimier's complaint:

> [T]he record reflects that [Casimier] filed an appeal with the MSPB on April 8, 1997 concerning his termination . . . , but did not file his EEO complaint until May 25, 2001. [In so doing, Casimier] elected to pursue his claim via MSPB, [and] not the EEO process. 29 C.F.R. § 1614.302(b). Accordingly, we AFFIRM the agency's final decision, dismissing the complaint pursuant to 29 C.F.R. § 1614.107(a)(4).

Casimier subsequently filed a request for reconsideration, which was denied on September 29, 2003.

On October 30, 2003, Casimier timely filed a complaint in federal district court against the Postal Service alleging employment discrimination. On January 3, 2005, the district court granted the Postal Service's motion for summary judgment on the ground that Casimier waived his discrimination claims by

failing to include them in his MSPB appeal. This appeal by Casimier followed.

We review the district court's grant of summary judgment *de novo*. *In re Intelogic Trace, Inc.*, 200 F.3d 382, 386 (5th Cir. 2000). Having done so, we conclude that Casimier waived his discrimination claims by failing to raise the issue of discrimination in his MSBP appeal.

A "mixed case" appeal denotes a situation, such as that in the instant case, in which a plaintiff claims that an appealable agency action was based in whole or in part on discrimination. *See Blake v. Dep't of Air Force*, 794 F.2d 170, 172 n.1 (5th Cir. 1986). Pursuant to 29 C.F.R. § 1614.302(b), an employee who alleges that discrimination was a component of an adverse personnel action is afforded two options: he can file either a mixed case complaint with his agency's EEO office or a mixed case appeal directly to the MSPB, "but not both." Section 1614.302(b) further states that "whichever is filed first [a formal administrative mixed case complaint with the EEO or a mixed case appeal with the MSPB] shall be considered an election to proceed in that forum." Accordingly, if an employee believes that discrimination is a component of an adverse personnel action, the issue of discrimination must be raised from the outset irrespective of whether the employee elects to file with his agency's EEO or the MSPB.

In the instant case, Casimier elected to appeal his removal to the MSPB. However, in so doing, Casimier elected not to bring a mixed case appeal. Casimier did not file a mixed case appeal with the MSPB because he did not contend that his removal was based in whole or in part on discrimination. In failing to raise the issue of discrimination in his MSPB appeal, Casimier waived his right to challenge his termination based on discrimination. *See* 5 C.F.R. §§ 1201.24 and 1201.153. Moreover, Casimier's 2001 effort to reinitiate an EEO complaint with the Postal Service regarding his removal was foreclosed by his 1997 election to appeal his removal to the MSPB rather than the Postal Service's EEO office. *See* 29 C.F.R. § 1614.302(b).[1] Accordingly, we affirm the judgment of the district court granting the Postal Service's motion for summary judgment.

AFFIRMED.

---

[1] Moreover, Casimier failed to timely exhaust his administrative EEO remedies regarding his March 15, 1997 removal. Specifically, (1) Casimier failed to file a formal EEO complaint within fifteen days of his receipt of the Notice of Final Interview from the Postal Service's EEO office, as required under 29 C.F.R. § 1614.106(b), and (2) Casimier's 2001 effort to reinitiate an EEO complaint with the Postal Service regarding his allegations of discrimination occurred more than four years after his removal, rendering that complaint untimely under 29 C.F.R. § 1614.105(a).