NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD HORNSBY,**
*Petitioner*

**v.**

**FEDERAL HOUSING FINANCE AGENCY,**
*Respondent*

---

2023-1518

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-15-0576-I-2.

---

Before DYK, CUNNINGHAM, and STARK, *Circuit Judges*.

PER CURIAM.

## O R D E R

Having considered the parties' responses to this court's March 20, 2023, show cause order, we agree with the parties that we lack jurisdiction and that this matter should be transferred back to the United States District Court for the District of Columbia.

Richard Hornsby appealed to the Merit Systems Protection Board ("Board"), arguing that his removal from the Federal Housing Finance Agency ("FHFA") was based, in part, on discriminatory retaliation. After the Board

affirmed the removal, Mr. Hornsby filed suit in the United States District Court for the District of Columbia, where he continued to pursue his argument that his removal from the agency was discriminatory retaliation.

FHFA moved to dismiss, or, in the alternative, for summary judgment, based on a failure to exhaust the discriminatory retaliation claim and a resulting lack of subject matter jurisdiction over the remaining claims. The district court largely agreed, dismissing the discriminatory retaliation claim and concluding that it lacked jurisdiction over the remaining claims because dismissal of the discriminatory retaliation claim meant it was no longer a mixed case; instead of dismissing, however, the court transferred to this court. *Hornsby v. Thompson*, No. 1:22-cv-1472, Dkt. No. 14 (D.D.C. Jan. 17, 2023). Mr. Hornsby's filings here again indicate that he continues to seek review of his discriminatory retaliation claim.

In general, we have jurisdiction to review final Board decisions except in "[c]ases of discrimination subject to the provisions of [5 U.S.C. §] 7702," 5 U.S.C. § 7703(b)(2). *See* 5 U.S.C. § 7703(b)(1); 28 U.S.C. § 1295(a)(9). Those so-called "mixed cases" "shall be filed in district court." *Kloeckner v. Solis*, 568 U.S. 41, 50 (2012); *see* 5 U.S.C. § 7703(b)(2); *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 432 (2017). For a case to be a mixed case, and hence to fall outside of our review authority, there must be a complaint of an agency action that is appealable to the Board and attributed, in whole or in part, to covered discrimination. *Perry*, 582 U.S. at 422; *see* 5 U.S.C. § 7702(a)(1). Here, there is no dispute that Mr. Hornsby's allegations before the Board satisfy those requirements. Nor is there any question that Mr. Hornsby has continued to pursue his discriminatory retaliation claim at every stage of these proceedings.

The parties now agree (and so do we) that the district court's dismissal of Mr. Hornsby's discriminatory

retaliation claim did not divest that court of jurisdiction over the remaining claims or otherwise convert this mixed case into one that we have jurisdiction to review. *See* ECF Nos. 24, 25. As we held in *Williams v. Department of Army,* "where jurisdiction lies in the district court under 5 U.S.C. § 7703(b)(2), the entire action falls within the jurisdiction of that court and this court has no jurisdiction." 715 F.2d 1485, 1491 (Fed. Cir. 1983) (en banc). *See Dedrick v. Berry,* 573 F.3d 1278, 1281–82 (Fed. Cir. 2009) (holding that transfer is appropriate because we lack jurisdiction even after the dismissal of a discrimination claim); *see also Punch v. Bridenstine*, 945 F.3d 322, 330–31 (5th Cir. 2019) (noting that "every court of appeals to consider the question has prohibited bifurcation"). Although "we are cognizant of the Supreme Court's caution against engaging in 'perpetual game[s] of jurisdictional ping-pong,' *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988)," *Dedrick*, 573 F.3d at 1281 n.1, we agree with the parties that, pursuant to 28 U.S.C. § 1631, transfer back to the District Court for the District of Columbia is appropriate under the circumstances so that the court may conduct appropriate proceedings with respect to the remaining claims.

Accordingly,

IT IS ORDERED THAT:

This matter and all of the filings are transmitted to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1631.

FOR THE COURT

October 26, 2023                      /s/ Jarrett B. Perlow
        Date                          Jarrett B. Perlow
                                      Clerk of Court