NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANNEPHIA M. PROCTOR,**

*Petitioner*

**v.**

**UNITED STATES AGENCY FOR GLOBAL MEDIA,**

*Respondent*

---

2024-1906

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-20-0416-I-2.

---

Before DYK, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

## O R D E R

The Merit Systems Protection Board affirmed the decision to remove Annephia M. Proctor from federal employment. She petitioned this court for review, and her Statement Concerning Discrimination states that she raised discrimination claims before the Board, does not wish to abandon those claims, and has filed an action in federal district court from the Board's decision. ECF No. 3. Responding to this court's show cause order, the United

States Agency for Global Media urges transfer.  Ms. Proctor responds and asks this court to retain jurisdiction.

We transfer this case.  Federal district courts, not this court, have jurisdiction over "[c]ases of discrimination subject to the provisions of [5 U.S.C. §] 7702," 5 U.S.C. § 7703(b)(2), which involve an allegation of an action appealable to the Board and an allegation that a basis for the action was covered discrimination, including retaliation. *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 437 (2017); *Diggs v. Dep't of Hous. & Urb. Dev.*, 670 F.3d 1353, 1357 (Fed. Cir. 2011) (holding that the affirmative defense of retaliation for prior equal employment opportunity activity "falls outside [of the court's] jurisdictional reach").  Here, Ms. Proctor continues to pursue the allegations she made before the Board that her removal was the result of covered discrimination, so jurisdiction to review the Board's decision lies in district court, not in this court.

Ms. Proctor states that she "has no intentions of raising discrimination claims in the United States Court of Appeals for the Federal Circuit."  But she has not abandoned those claims; in fact, Ms. Proctor is actively litigating them in her district court proceedings.  *See Proctor v. U.S. Agency for Glob. Media*, No. 1:24-cf-01635-RC (D.D.C., filed May 9, 2024).  Our cases are clear that she cannot pursue her claims in both this court and district court: "Congress did not direct or contemplate bifurcated review of" the personnel action and discrimination claim(s) raised before the Board, *Williams v. Dep't of the Army*, 715 F.2d 1485, 1490 (Fed. Cir. 1983); *see Punch v. Bridenstine*, 945 F.3d 322, 330 (5th Cir. 2019) ("When federal employees have discrimination and non-discrimination claims arising from 'the same or related facts,' every court of appeals to consider the question has prohibited bifurcation.").

For these reasons, we agree that this case belongs in district court and that transfer to the United States

District Court for the District of Columbia is appropriate under the circumstances.  *See* 28 U.S.C. § 1631.

Accordingly,

IT IS ORDERED THAT:

This matter and all case filings are transferred to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1631.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

September 16, 2024
Date