NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LAWRENCE E. MATTISON,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2024-1982

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-16-0350-B-1.

---

PER CURIAM.

## O R D E R

In response to this court's August 26, 2024 order directing the parties to show cause, the Department of Veterans Affairs ("DVA") urges transfer while Lawrence E. Mattison argues in favor of this court's jurisdiction.

In February 2016, the DVA terminated Mr. Mattison, and he appealed his removal to the Merit Systems Protection Board alleging, *inter alia*, discrimination on the basis of gender and race.  The Board affirmed.  Mr. Mattison then filed this petition seeking review of that decision.

Mr. Mattison indicates that he now wishes to abandon his claims of discrimination and proceed before this court. ECF No. 20.[1] However, he previously filed a complaint in the United States District Court for the Eastern District of Virginia against the Secretary of Veterans Affairs alleging wrongful termination based on "race/sex" discrimination. *See Mattison v. Wilkie*, No. 4:19-cv-00018, Dkt. No. 3 at ¶ 2 (E.D. Va. Mar. 12, 2019) (emphasis omitted). The district court dismissed that complaint for failure to state a claim, finding, as relevant here, that Mr. Mattison "fail[ed] to allege facts sufficient to establish plausible claims of race or sex discrimination under Title VII or [42 U.S.C.] § 1981." *Mattison v. Wilkie*, No. 4:19-cv-00018, 2020 WL 13691771, at *5 (E.D. Va. Feb. 10. 2020). Mr. Mattison appealed the dismissal to the United States Court of Appeals for the Fourth Circuit, which affirmed.

Federal district courts, not this court, have jurisdiction over "[c]ases of discrimination subject to the provisions of [5 U.S.C. §] 7702," 5 U.S.C. § 7703(b)(2), which involve an allegation of an action appealable to the Board and an allegation that a basis for the action was covered discrimination, 5 U.S.C. § 7702. *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 437 (2017). A petitioner does not bring a "[c]ase[] of discrimination" when he has abandoned his discrimination claims, *Harris v. SEC*, 972 F.3d 1307, 1318 (Fed. Cir. 2020), however "Congress did not direct or contemplate bifurcated review" by this court of the personnel action and by the district court of discrimination claims raised before the Board, *Williams v. Dep't of the Army*, 715 F.2d 1485, 1490 (Fed. Cir. 1983); *see Punch v. Bridenstine*, 945 F.3d 322, 330 (5th Cir. 2019) ("When federal employees have

---

[1]    The court understands ECF No. 20 to supersede the earlier-filed corrected versions of Mr. Mattison's Statement Concerning Discrimination (ECF Nos. 16-2 and 17-2) such that no action is taken on those earlier versions.

discrimination and non-discrimination claims arising from 'the same or related facts,' every court of appeals to consider the question has prohibited bifurcation.").

Under the present circumstances, because this court's review would result in that prohibited bifurcation, we agree with the DVA that this case belongs in district court for that court to adjudicate Mr. Mattison's challenge to the Board's final decision. We therefore transfer to the Eastern District of Virginia. *See* 28 U.S.C. § 1631.

Accordingly,

IT IS ORDERED THAT:

This matter and all case filings are transferred to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1631.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

December 11, 2024
Date