NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL EDWARD STEVENSON, JR.,**
*Plaintiff-Appellant*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Defendant-Appellee*

---

2025-1418

---

Appeal from the United States District Court for the Western District of Oklahoma in No. 5:24-cv-00084-J, Judge Bernard M. Jones.

---

Before LOURIE, MAYER, and DYK, *Circuit Judges.*

PER CURIAM.

#### O R D E R

Having considered the parties' responses to the court's show cause order, we retransfer this matter to the United States District Court for the Western District of Oklahoma for additional proceedings it deems appropriate.

The Department of Veterans Affairs removed Michael Edward Stevenson, Jr. pursuant to 38 U.S.C. § 714. On appeal, the Merit Systems Protection Board reversed the removal but left undisturbed the administrative judge's

rejection of Mr. Stevenson's affirmative defense of retaliation for his filing of an Equal Employment Opportunity complaint alleging discrimination.

Mr. Stevenson initially sought this court's review of the Board's decision. Because Mr. Stevenson's filings indicated that he wished to pursue his claims "for racial and disability discrimination" based on the Board's final decision, Appeal No. 2024-1077, ECF No. 10 at 2, the court transferred to the Western District of Oklahoma. Appeal No. 2024-1077, ECF No. 15 at 2. Once transferred, Mr. Stevenson filed an amended complaint confirming claims under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and Title VII of the Civil Rights Act.

On January 29, 2025, the district court dismissed Mr. Stevenson's discrimination claims and transferred the matter back to this court "for the Federal Circuit to address any remaining nondiscrimination claims." Appeal No. 2025-1418, ECF No. 1-2 at 4. In response to this court's show cause order issued shortly after docketing, Mr. Stevenson indicates to the court that he does "not intend to file a notice of appeal from the district court's ruling on the racial and disability discrimination claim" and instead requests this court now review "the remaining nondiscriminatory claims." ECF No. 9 at 1.

Our jurisdiction to review final Board decisions does not extend to "[c]ases of discrimination subject to the provisions of [5 U.S.C. §] 7702," 5 U.S.C. § 7703(b)(2). *See* 5 U.S.C. § 7703(b)(1); 28 U.S.C. § 1295(a)(9). Those so-called "mixed cases" "shall be filed in district court." *Kloeckner v. Solis*, 568 U.S. 41, 50 (2012); *see* 5 U.S.C. § 7703(b)(2); *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 432 (2017). Here, Mr. Stevenson alleged that the agency action was based, at least in part, on covered discrimination such that his case belonged in district court, prompting our transfer of the case to the Western District of Oklahoma.

We agree with the Department of Veterans Affairs that the district court's subsequent dismissal of Mr. Stevenson's discrimination claim did not divest that court of jurisdiction over whatever remains of Mr. Stevenson's claims or otherwise convert this mixed case into one that we have jurisdiction to review. As we held in *Williams v. Department of the Army*, "where jurisdiction lies in the district court under 5 U.S.C. § 7703(b)(2), the entire action falls within the jurisdiction of that court and this court has no jurisdiction." 715 F.2d 1485, 1491 (Fed. Cir. 1983) (en banc); *see Dedrick v. Berry*, 573 F.3d 1278, 1281–82 (Fed. Cir. 2009) (holding that retransfer is appropriate because we lack jurisdiction even after the dismissal of a discrimination claim); *see also Punch v. Bridenstine*, 945 F.3d 322, 330–31 (5th Cir. 2019) (noting that "every court of appeals to consider the question has prohibited bifurcation"). Thus, there is no plausible basis for our jurisdiction.

For these reasons, we grant the Department's request to retransfer the case back to the District Court for the Western District of Oklahoma under 28 U.S.C. § 1631, so that the district court may conduct appropriate proceedings with respect to whatever remains in the case or enter final judgment as appropriate.[1]

Accordingly,

---

[1] The district court did not identify any live non-discrimination issues and neither party identified such an issue in their responses despite this court's request that they identify "what, if anything, is remaining that is subject to judicial review" if Mr. Stevenson does not seek review of the district court's dismissal of his discrimination claims, ECF No. 8 at 2. Nonetheless, we find it the better course—given our clear lack of jurisdiction—for the district court to resolve the matter.

4                                                  STEVENSON v. DVA

IT IS ORDERED THAT:

This matter and all filings are transmitted to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1631.

FOR THE COURT

June 13, 2025                               Jarrett B. Perlow
Date                                           Clerk of Court