NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT M. SMILER,**
*Petitioner*

**v.**

**SOCIAL SECURITY ADMINISTRATION,**
*Respondent*

---

2026-1199

---

Petition for review of the Merit Systems Protection Board in No. PH-0752-23-0219-I-2.

---

Before LOURIE, CHEN, and STARK, *Circuit Judges.*

STARK, *Circuit Judge.*

## O R D E R

Robert M. Smiler seeks judicial review of a Merit Systems Protection Board decision affirming his removal from federal service and finding that Mr. Smiler failed to prove his claim of disability discrimination. Because Mr. Smiler's submissions to this court indicated he wishes to pursue his discrimination claim, ECF No. 10-5, we directed the parties to show cause whether this matter should be transferred. The Social Security Administration responds in favor of transfer to the United States District Court for the Eastern

District of Pennsylvania.  Mr. Smiler states that he has filed an action in the Eastern District of Pennsylvania for review of the Board's decision[1] and requests we maintain the stay here pending a district court decision as to the timeliness of that action.

Federal district courts, not this court, have jurisdiction over "[c]ases of discrimination subject to the provisions of [5 U.S.C. §] 7702," 5 U.S.C. § 7703(b)(2), which involve an allegation of an action appealable to the Board and an allegation that a basis for the action was covered discrimination, § 7702.  *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 437 (2017).  Mr. Smiler continues to pursue his discrimination claim in district court; thus, this case is outside of our jurisdiction to resolve Board appeals.  *See Williams v. Dep't of the Army*, 715 F.2d 1485, 1491 (Fed. Cir. 1983) (en banc) (noting "where jurisdiction lies in the district court under 5 U.S.C. § 7703(b)(2), the entire action falls within the jurisdiction of that court and this court has no jurisdiction"); *see also Punch v. Bridenstine*, 945 F.3d 322, 330–31 (5th Cir. 2019) (noting that "every court of appeals to consider the question has prohibited bifurcation").  Pursuant to 28 U.S.C. § 1631, we transfer to the Eastern District of Pennsylvania, where the underlying employment action appears to have occurred and where this case may be coordinated with Mr. Smiler's other pending action.  In so doing, we express no opinion as to timeliness.

Accordingly,

---

[1]    *Smiler v. Bisignano*, No. 2:26-cv-01670 (E.D. Penn.).

SMILER v. SSA                                                                 3

IT IS ORDERED THAT:

This matter and all filings are transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1631.

FOR THE COURT

April 30, 2026
Date

Jarrett B. Perlow
Clerk of Court